THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION 2017 APR 12 P 4:08

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| CLIFTON FORTUNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| LARRY WAYNE BALM and | ) | 2:17 CV 00592-VEH |
| CRETE CARRIER | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

TO: Christopher L. Burrell, Esq.
THE C. BURRELL LAW GROUP, LLC
P.O. Box 1451
Birmingham, Alabama 35201
Telephone: (205) 202-5599
cb@burrellgroup.com

In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, you are hereby notified that Defendants LARRY WAYNE BALM and CRETE CARRIER CORPORATION remove this action from the Circuit Court of Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division, and in support hereof would show unto the Court the following:

1

## INTRODUCTION

1. This action was originally filed in the Circuit Court of Jefferson County, Alabama, as Civil Action No.: 01-CV-2017-900868.00. A copy of the Summons and Complaint was served by certified mail on Defendant Crete Carrier Corporation ("Crete Carrier") on March 13, 2017. A copy of the Summons and Complaint was served by certified mail on Defendant Larry Wayne Balm ("Balm") on March 20, 2017. Thus, this Notice of Removal has been filed within the time prescribed by 28 USC § 1446(b).

2. Defendants Crete Carrier and Balm appear solely for the purposes of filing this Notice of Removal and reserve all rights, defenses, exceptions and claims without waiver thereof. Defendants Crete Carrier and Balm specifically plead improper service, improper service of process, improper venue and lack of personal jurisdiction.

3. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders in the state court action is attached hereto as Exhibit "A" together with a copy of the state court case action summary, attached hereto as Exhibit "B".

3. The United States District Court for the Northern District of Alabama, Southern Division, has original subject matter jurisdiction of this civil action because there is complete diversity of citizenship among all properly joined parties pursuant to 28 U.S.C. § 1332 and the amount in controversy exceeds $75,000.00,

exclusive of interest and costs. Since the Complaint was originally filed in the Circuit Court of Jefferson County, Alabama, this District is the proper venue upon removal in accordance with 28 U.S.C. § 1441(a).

## DIVERSITY OF CITIZENSHIP

4. Plaintiff Clifton Fortune is an Alabama citizen, and, pursuant to his Complaint, resides in Jefferson County, Alabama. The Plaintiff is a resident citizen of the State of Alabama within the meaning of the Judiciary Article of the Constitution of the United States and the Acts of Congress, creating diversity jurisdiction in the federal courts and governing the removal of causes from state courts to federal courts on the ground of diversity citizenship.

5. Defendant Crete Carrier Corporation is a foreign corporation, organized in the State of Nebraska, and with its principal place of business in Lincoln, Nebraska. [Articles of Incorporation, submitted as Exhibit "C"]. Crete Carrier is not a resident citizen of the State of Alabama within the meaning of the Judiciary Article of the Constitution of the United States and the Acts of Congress, creating diversity jurisdiction in the federal courts and governing the removal of causes from state courts to federal courts on the ground of diversity citizenship.

6. As pled in the Complaint, Defendant Balm is an Arkansas citizen, and, pursuant to the Complaint, resides in the State of Arkansas. Defendant Balm is not a resident citizen of the State of Alabama within the meaning of the Judiciary

Article of the Constitution of the United States and the Acts of Congress, creating diversity jurisdiction in the federal courts and governing the removal of causes from state courts to federal courts on the ground of diversity citizenship.

7.  Given the foregoing, there is complete diversity of citizenship among all parties pursuant to 28 U.S.C. § 1332

## AMOUNT IN CONTROVERSY

9.  In the Complaint, Plaintiff Fortune has set forth claims of negligent and/or willful misconduct against Defendant Balm, and for negligence against Defendant Crete Carrier arising out of a July 4, 2015 trucking accident. (See Complaint, Exhibit "A" at ¶¶ 10-12). Plaintiff's allegations against Defendant Balm include negligent and/or willful failure to properly observe the roadway, failure to properly brake his vehicle, failure to properly maneuver his vehicle so as to avoid a collision, failure to maintain adequate control over his vehicle, failure to take proper evasive action so as to avoid an accident and failure to properly obey the rules of the road. Id. at ¶¶ 10-11. Plaintiff's allegations against Defendant Crete Carrier include vicarious liability for the actions of its employee (Defendant Balm) and for negligently entrusting Balm with the vehicle owned by Crete Carrier, failing to adequately instruct Balm in the safe operation of a motor vehicle prior to entrusting him with the vehicle, failing to prevent Balm from operating Crete Carrier's vehicle until he was sufficiently able to operate the vehicle safely,

failing to adequately ascertain that Balm lacked the ability to safely operate Crete Carrier's vehicle, and failing to properly maintain and/or inspect said vehicle. Id. at ¶¶ 12-13.

10. According to the Complaint, Plaintiff received bodily injuries to his neck, shoulders, back, legs and "other parts of [his] body," and was required to undergo medical treatment or may do so in the future. Id. at ¶ 7(a)). Plaintiff also alleges in the Complaint that he suffered mental pain and anguish and will be caused to so suffer in the future. Id. In the Complaint, Plaintiff further alleges that the Defendants are liable for negligent infliction of emotional distress, "including anxiety, loss of appetite and other adverse conditions." Id. at ¶¶ 14-17. The Plaintiffs seek the recovery of both compensatory and punitive damages.

11. As Judge Acker has cautioned, "plaintiffs ... who want to pursue claims against diverse parties in state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more. Otherwise, a plaintiff will find herself in a federal court ... ." Smith v. State Farm Fire and Cas. Co., 868 F.Supp.2d 1333, 1335 (N.D. Ala. 2012). Here, based upon the alleged severity of the Plaintiff's claimed injuries and the Plaintiff's numerous claims of negligent and

willful misconduct, and for punitive damages, the Complaint satisfied the jurisdictional amount on its face.

12. Where, as here, the plaintiffs have not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001)(citations omitted). In assessing whether the defendant has met this burden, the Court should first determine from looking at the complaint whether it is "facially apparent" that the amount in controversy exceeds $75,000. Williams, 269 F.3d at 1319. In making this determination, this Court is not bound by the Plaintiffs' representations regarding his or her claim, nor must it assume that the Plaintiffs are in the best position to evaluate the amount of damages sought. Roe v. Michelin North Am., Inc., 613 F. 3d 1058, 1061 (11th Cir.2010) (citing Pretka v. Kolter City Plaza II, Inc., 608 F. 3d 744, 771 (11th Cir.2010)). In fact, in some cases the defendant or the court itself may be better situated to accurately assess the amount in controversy. Roe, 613 F. 3d at 1061 (citing Pretka, 608 F. 3d at 771).

13. Moreover, this Court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. Roe, 613 F. 3d at 1061-62

(citing Pretka, 608 F. 3d at 754). Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount." Id. at 1062 (quoting Pretka, 608 F. 3d at 770). Instead, courts may use their "judicial experience and common sense" in deciding whether the case stated in a complaint meets federal jurisdictional requirements. Id. (footnote omitted).

14.   That "judicial experience and common sense" certainly applies when a plaintiff seeks an unspecified punitive damage award. This Court may conclude that the Plaintiff is likely to be awarded punitive damages by examining the "allegations in light of the particular causes of action." Smith v. Family Dollar Stores, Inc., __ F.Supp.3d __, 2014 WL 4793445 (N.D. Ala. Sept. 24, 2014) (quoting Roe v. Michelin N. Am., Inc., 613 F. 3d 1058, 1065 (11th Cir. 2010)). In doing so, this Court need not require the Defendants to produce evidence to support the Plaintiff's allegations. Indeed, "preventing a district judge from acknowledging the value of the claim, merely because it is unspecified by the plaintiff, would force the court to abdicate its statutory right to hear the case." Roe, 613 F. 3d at 1064. As the District Court has previously held, it "will not permit plaintiff[s] to disclaim the seriousness of defendants' alleged misconduct and the extent of monetary relief sought in an attempt to avoid federal jurisdiction." Smith v. Family Dollar, __ F.Supp.3d __, *5 (citation omitted).

7

15. Here, even though the Plaintiff has failed to make a specific claim for a specific, or minimum, amount of damages in his Complaint, it is readily apparent that the Plaintiff is seeking monetary damages that satisfy the $75,000.00 jurisdictional amount. While the Plaintiff does not expressly seek damages in the amount of $75,000.00 or more in the Complaint, Plaintiff's counsel sent a letter to Defendants' liability insurance carrier, Transportation Claims, Inc., on July 26, 2016, approximately seven (7) months prior to the filing of the Complaint, outlining the physical and non-physical injuries the Plaintiff allegedly received as a result of the subject accident, as well as the special damages that he was asserting. [July 26, 2016 Christopher L. Burrell correspondence, submitted as Exhibit "D"]. In said letter, Plaintiff's attorney stated that the Plaintiff is seeking a total of $56,867.82 in related medical bills, $50,000.00 in damages for past and future pain and suffering, and $50,000.00 in damages for mental anguish and emotional distress, for a "TOTAL DAMAGES ASSESSED" of $156,867.82. [See Exhibit "D" at p.2]. Plaintiff's counsel further stated "A complete description of the adverse effects of this accident is beyond the scope of this letter and beyond any monetary amount." Id.

16. As the Eleventh Circuit has noted, a pre-suit settlement demand letter from the Plaintiff or his agent/representative establishing an amount in controversy exceeding $75,000.00 constitutes "other paper" upon which removal can be based.

See Lowery v. Ala. Power Co., 483 F.3d 1184, 1212 n.62 (11th Cir. 2007) (citing Williams v. Safeco Ins. Co., 74 F.Supp.2d 925, 929 (W.D. Mo. 1999); see also McCullough v. Plum Creek Timberlands, L.P., __ F.Supp.2d __, 2010 WL 55862, *4-6 (M.D. Ala. Jan. 4, 2010)("[T]he gap between the value of the demand and the minimum jurisdictional amount allows room for some puffing and posturing while still providing sufficiently reliable evidence that, by [Plaintiff's] own estimation, at least the minimum jurisdictional amount is in controversy"); Free v. Baker, __ F.Supp.2d __, 2009 WL 1748244, *2 (M.D. Ala. June 19, 2009); Bankhead v. Am. Suzuki Motor Corp., 529 F.Supp.2d 1329, 1333 (M.D. Ala. 2008)(Thompson, J.); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994); and Cohn v. Petsmart, Ins., 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.").

17. In the instant case, Plaintiff counsel's July 26, 2016 settlement demand letter unequivocally sets forth an itemization or checklist of the damages sought with a corresponding value for each, identifying "TOTAL DAMAGES ASSESSED" in the amount of $156,867.82, as opposed to a simple lump sum settlement demand figure with no basis supporting it. See Exhibit "D".

18. Given the foregoing, the amount in controversy exceeds the jurisdictional requirement of $75,000.00, exclusive of interest and costs, as established by a preponderance of the evidence set forth in Exhibit "D".

19. There are no other named defendants in this action. As such, consent is not required to remove this case to Federal Court.

20. A copy of the Notice of Removal is being served on Plaintiff, by and through his attorney of record, and upon the Clerk for the Circuit Court of Jefferson County, Alabama.

WHEREFORE, Defendant serves this Notice and hereby removes this case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Plaintiff is notified to attempt to proceed no further in this case in the Circuit Court of Jefferson County, Alabama, unless by Order of the United States District Court for the Northern District of Alabama, Southern Division.

RESPECTFULLY SUBMITTED, this the 12th day of April, 2017.

        *s/ M. Jeremy Dotson*
        M. Jeremy Dotson
        (ASB-7563-M74D; DOT003)
        H.C. Ireland, III
        (ASB-9915-D66H; IRE001)
        Attorneys for Defendants,
        Crete Carrier Corporation and
        Larry Wayne Balm

18. Given the foregoing, the amount in controversy exceeds the jurisdictional requirement of $75,000.00, exclusive of interest and costs, as established by a preponderance of the evidence set forth in Exhibit "D".

19. There are no other named defendants in this action. As such, consent is not required to remove this case to Federal Court.

20. A copy of the Notice of Removal is being served on Plaintiff, by and through his attorney of record, and upon the Clerk for the Circuit Court of Jefferson County, Alabama.

WHEREFORE, Defendant serves this Notice and hereby removes this case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Plaintiff is notified to attempt to proceed no further in this case in the Circuit Court of Jefferson County, Alabama, unless by Order of the United States District Court for the Northern District of Alabama, Southern Division.

RESPECTFULLY SUBMITTED, this the 12th day of April, 2017.

/s/ M. Jeremy Dotson
M. Jeremy Dotson
(ASB-7563-M74D; DOT003)
H.C. Ireland, III
(ASB-9915-D66H; IRE001)
Attorneys for Defendants,
Crete Carrier Corporation and
Larry Wayne Balm

OF COUNSEL:
PORTERFIELD, HARPER, MILLS, MOTLOW & IRELAND, P.A.
22 Inverness Center Parkway, Suite 600
Birmingham, AL 35242
Telephone: (205) 980-5000
Facsimile: (205) 980-5001
mjd@phm-law.com
hci@phm-law.com

## THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **CLIFTON FORTUNE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: |
| | ) |
| **LARRY WAYNE BALM and** | ) |
| **CRETE CARRIER** | ) |
| **CORPORATION,** | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I do hereby certify that on this the 12th day of April, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case, and I hereby certify that I am forwarding the foregoing via United States Mail and/or email to the non-CM/ECF participants.

Christopher L. Burrell, Esq.
THE C. BURRELL LAW GROUP, LLC
P.O. Box 1451
Birmingham, Alabama 35201
Telephone: (205) 202-5599
cb@burrellgroup.com

/s/ 
OF COUNSEL

# EXHIBIT "A"

ELECTRONICALLY FILED
3/3/2017 4:17 PM
01-CV-2017-900868.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93  Rev.5/99 | COVER SHEET<br>CIRCUIT COURT - CIVIL CASE<br>(Not For Domestic Relations Cases) | Case Number<br>01<br>Date of Filing:<br>03/03/2017 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**CLIFTON FORTUNE v. LARRY WAYNE BALM ET AL**

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other
**First Defendant:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER
R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO
Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** BUR070

Date: 3/3/2017 4:17:36 PM

/s/ CHRISTOPHER L BURRELL
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES  ☑ NO  ☐ UNDECIDED

DOCUMENT 2



ELECTRONICALLY FILED
3/3/2017 4:17 PM
01-CV-2017-900868.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| CLIFTON FORTUNE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: |
| ) | |
| LARRY WAYNE BALM AND ) | JURY TRIAL DEMANDED |
| CRETE CARRIER CORPORATION ) | |
| Defendant. ) | |

## COMPLAINT

1. The Plaintiff, Clifton Fortune, brings this civil action to recover compensation for injuries and expenses pursuant to an automobile accident on July 4, 2015.

### PARTIES, JURISDICTION, AND VENUE

2. The Plaintiff, Clifton Fortune, is over the age of (19) years and has been a resident of Jefferson County, Alabama for more than six months preceding the filing of this complaint.

3. The Defendant, Larry Wayne Balm, is over the age of (19) years and a resident of Arkansas. He was the agent/employee of the Defendant Crete Carrier Corp. and was acting within the course and scope of his agency/employment while driving a 2012 International TR Truck with a semi-trailer, Nebraska registration #162990.

4. The Defendant, Crete Carrier Corp. is a company with a principle place of business in Nebraska. At all pertinent times, Defendant was the owner of the 2012 International TR Truck with a semi-trailer, Nebraska registration #162990.

5. The Plaintiff alleges that jurisdiction is proper in Jefferson County, Alabama in that the Defendants regularly conduct business in the State of Alabama and all or substantially all of the wrongs complained of occurred in Jefferson County, Alabama.