FILED
2017 Apr-13 AM 10:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT "C"

# STATE OF NEBRASKA



United States of America,  } ss.
State of Nebraska

Department of State

I, Allen J. Beermann, Secretary of State of the State of Nebraska do hereby certify that

the attached is a true and correct copy of Articles of Incorporation as filed in this office on June 9, 1966, and all amendments thereto of

CRETE CARRIER CORPORATION

with its registered office located in Lincoln, Nebraska.

I further certify that said corporation is in good standing as of this date.

In Testimony Whereof, I have hereunto set my hand and affixed the Great Seal of the State of Nebraska.



Done at Lincoln this

_____fifth_____

day of ___February___

in the year of our Lord, one thousand nine hundred and _ninety-one_.

_Allen J. Beermann_
SECRETARY OF STATE

_____
DEPUTY

STATE OF NEBRASKA,
SECRETARY'S OFFICE
Received and filed for record JUN 9 1966
and recorded on film roll No. 19
Misc Inc. at page 1643
Frank Marsh
Secretary of State
By D.B. Weyers

ARTICLES OF INCORPORATION

OF

CRETE CARRIER CORPORATION

We, the undersigned natural persons of the age of twenty-one years or more, acting as incorporators of a corporation under the Nebraska Business Corporation Act, adopt the following Articles of Incorporation for such Corporation:

## ARTICLE I.

### Name

The name of the corporation is Crete Carrier Corporation.

## ARTICLE II.

### Duration

The period of the corporation's duration is perpetual.

## ARTICLE III.

### Purposes

The purposes for which this corporation is organized are:

(a) The ownership and operation of a warehouse, storage, cartage, pool car distribution, equipment leasing, or motor carrier business, or any business directly or indirectly related to any or all such businesses, and to own, acquire or lease all necessary equipment and federal and/or state licenses, permits or certificates required for any operation.

(b) To do everything necessary, proper, advisable or con-

## ARTICLE IV.

### Powers

The corporation shall have and exercise all power and rights conferred upon corporations by the Nebraska Business Corporation Act and any enlargement of such powers conferred by subsequent legislative acts; and, in addition thereto, the corporation shall have and exercise all powers and rights, not otherwise denied corporations by the laws of the State of Nebraska, as are necessary, suitable, proper, convenient, or expedient to the attainment of the purposes set forth in Article III above.

## ARTICLE V.

### Authorized Shares

The aggregate number of shares which the corporation shall have the authority to issue is fifty (50) shares of common stock and the par value of each of said shares shall be One Hundred Dollars ($100.00). There shall be no pre-emptive right to acquire additional shares of newly issued stock or to acquire treasury shares of the corporation.

## ARTICLE VI.

### Restrictions on Transfer of Capital Stock

The subscriptions for and ownership of all stock in this corporation shall be upon the condition that if the owner of such stock desires to transfer all or any part of it, he shall first deliver such stock (or the part thereof that he desires to transfer) to the corporation, with an assignment in blank of it. The corporation shall have the right to purchase it within thirty days after such delivery to the extent of its unreserved and unrestricted

it for themselves within thirty additional days thereafter. The other stockholders shall be entitled to purchase such stock in proportion to the number of shares they then own, and if any of such stockholders do not wish to purchase their proportionate part thereof, the others shall be entitled to purchase that part proportionately. The price to be paid for such stock, whether purchased by the corporation or by the other stockholders, shall be an amount equal to the highest bona fide offer received by the owner, as established by said owner, or in the absence of any bona fide offer or proof of same by owner, then, an amount equal to the book value of such stock at the end of the fiscal year preceding the delivery, as determined by the accounting methods employed by the corporation, and good will or other items not regularly carried on the books of the corporation as assets or liabilities shall not be taken into consideration. If such stock has not been purchased and paid for by the corporation or by one or more of the stockholders by the end of said sixty day period, the stock and the assignment shall be returned to the owner. He may then, during the next thirty days thereafter, transfer such stock to whomever he wishes, but he shall not transfer it after thirty days have passed without again delivering it to the corporation on the terms and conditions set forth above.

All of the foregoing shall be binding on the heirs, personal representatives, successors and assigns of each stockholder. The Board of Directors are authorized to except from the foregoing restrictions, by resolution or by-law, transfer resulting from gifts, bequests, and similar transfers.

vided by law or reissued and resold.

Any of the foregoing restrictions may be amended or abrogated by affirmative vote of the holders of two-thirds of the shares of stock of the corporation then issued and outstanding at any regular meetings, or any special meeting of the stockholders if written notice of the special meeting, setting forth the purpose for which it is being called and the time and place thereof, is mailed to each stockholder at least ten days prior to the meeting, or the stockholder waives such notice in writing.

## ARTICLE VII.

### Interest of Directors in Transactions

No contract or other transaction between the corporation and one or more directors, or between the corporation and any corporation, firm or association in which one or more of its directors are directors or are financially interested, shall be either void or voidable by reason of the fact that such director or directors are present at the meeting of the Board of Directors or a committee thereof which authorizes or approves such contract or transaction, or that his or their votes are counted for such purpose, if (1) the fact of such common directorship or financial interest be disclosed or known to the Board of Directors or committee and noted in the minutes, and the Board or committee shall authorize, approve or ratify such contract or transaction in good faith by a vote sufficient for such purpose without counting the vote or votes of such director or directors; or (2) the fact of such common directorship or financial interest be disclosed or known to the shareholders and they approve or ratify such contract or transaction in good faith by a majority vote or written consent of shareholders entitled

as to the corporation at the time it was authorized or approved. Such common or interested directors may be counted in determining the presence of a quorum at such meeting.

## ARTICLE VIII.

### Initial Registered Office and Initial Registered Agent

The street address of the initial registered office of the corporation is 605 South 14th Street, in the City of Lincoln, County of Lancaster, State of Nebraska, and the name of its initial registered agent at such address is J. Max Harding.

## ARTICLE IX.

### Names and Addresses of Incorporators

The name and address of each incorporator is:

Judith R. Schulze    1035 South 17th    Lincoln, Nebr.

Frances Freemon     3405 Frost Court   Lincoln, Nebr.

Dated this ___ day of June, 1966.

_____
Incorporator

_____
Incorporator

STATE OF NEBRASKA } ss.
Lancaster County,

Filed for record in the Clerk's office at Lincoln in said County, the ....10.. day of ...June.. 19..66... at ..4.:1.00'clock ...P....M., and recorded in Book..."31." of Art. of Inc. at page ......397............ Fee Paid $...7..50

Carl S. Hartman
County Clerk                     Deputy

STATE OF NEBRASKA
SECRETARY'S OFFICE   MAY 28 1969
Received and filed for record
...recorded on film roll No. 32
...2603
Frank Marsh
Secretary of State

ARTICLES OF AMENDMENT TO THE
ARTICLES OF INCORPORATION OF
CRETE CARRIER CORPORATION

Pursuant to the provisions of the Nebraska Business Corporation Act, Crete Carrier Corporation hereby adopts the following Articles of Amendment to its Articles of Incorporation:

1. The name of the corporation is Crete Carrier Corporation.

2. Pursuant to the written consent of all of the Directors and Shareholders of the corporation duly made and given, Article V of the Articles of Incorporation was, on May 23, 1969, in the manner prescribed by the Nebraska Business Corporation Act amended to provide as follows:

"ARTICLE V.

Authorized Shares

The aggregate number of shares which the corporation shall have the authority to issue is Two Thousand Five Hundred (2,500) shares of common stock and the par value of each of said shares shall be One Hundred Dollars ($100.00). There shall be no preemptive right to acquire additional shares of newly issued stock or to acquire treasury shares of the corporation."

3. Said amendment was adopted by the shareholders on May 23, 1969.

4. All of the directors and shareholders of the corporation have given their consent in writing to said amendment, dated May 23, 1969.

5. Such amendment does not provide for an exchange, reclassification or cancellation of issued shares.

6. Such amendment does not affect a change in the amount of stated capital.

DATED May 23, 1969.

STATE OF NEBRASKA } ss.
Lancaster County,
In said county, the 28 day of May 19 69
at 3:50 o'clock P. M., and recorded in book 39
of Art. of Inc. at page 006 Fee Paid $ 1.50

_____
County Clerk     Deputy

CRETE CARRIER CORPORATION

By _____
   President

And by _____
       Secretary



ARTICLES OF AMENDMENT
TO THE
ARTICLES OF INCORPORATION
OF
CRETE CARRIER CORPORATION

Pursuant to the provisions of Section 21-20,121 of the Nebraska Business Corporation Act, Crete Carrier Corporation, a Nebraska corporation hereby adopts the following Articles of Amendment to its Articles of Incorporation.

1. **Name of the corporation:** Crete Carrier Corporation

2. **Text of Amendment:**

Article V of the corporation's Articles of Incorporation is amended in its entirety to read as follows:

### ARTICLE V.
### Authorized Shares

The aggregate number of shares which the corporation shall have the authority to issue is twenty-five thousand (25,000), consisting of two thousand five hundred (2,500) shares of voting common stock and twenty-two thousand five hundred (22,500) shares of non-voting common stock, with a par value of Ten and no/100 Dollars ($10.00) per share. Each share of voting common stock shall be entitled to one vote on each matter submitted to a vote of the shareholders. Shares of non-voting common stock shall not be entitled to vote on matters submitted to a vote of shareholders. In all other respects the rights of holders of shares of voting and non-voting common stock shall be the same. Upon filing Articles of Amendment amending this Article V, each outstanding share of the corporation's $100.00 par value common stock shall automatically be converted into and become one (1) share of $10.00 par value voting common stock and nine (9) shares of $10.00 par value non-voting common stock.

3. **Date of Adoption:** The amendment was adopted on October 1, 2012.

4. **Shareholder Approval:** The amendment was adopted by unanimous consent of the holders of each of the 1,061.61 shares of the corporation's common stock issued and outstanding. The number of votes cast for the amendment was 1,061.61. The number of votes cast against the amendment was 0.

IN WITNESS WHEREOF, these Articles of Amendment have been duly executed this 24th day of October, 2012.

                                          Crete Carrier Corporation

                                     By: _____
                                            President

                                     Attest:

                                   _____
                                   Secretary